UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEYSTONE SHIPPING CO.,
Individually and f/u/b/o
KEYSTONE BARGE, LTD.,
et al.,

    Plaintiffs,

v.                      CASE NO: 8:07-cv-1269-T-33EAJ

DANNY LEE CURTIS, M.D.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiffs' Motion for Partial Summary Judgment as to Certain of Defendant's Affirmative Defenses (Doc. # 44) and Defendant's Motion for Final Summary Judgment (Doc. # 50).

I. Background

Thomas Bui ("Bui") was employed by Plaintiffs as an assistant engineer onboard the tug Atlanta Bay and barge Virginia Bay. On June 16, 2004, while these vessels were docked in Tampa, Florida, Mr. Bui was found in his cabin unconscious and bleeding from a laceration on his head. Mr. Bui was taken to the emergency department at Tampa General Hospital and came under the care of Defendant. Mr. Bui was examined, treated, and discharged early the next morning.

Upon discharge, Mr. Bui was provided with discharge instructions that he follow up with his primary physician in three days, have his staples removed and be restricted to light duty for a week. Mr. Bui was not advised that he needed follow-up cardiac medical care. Plaintiffs allege that, pursuant to the discharge instructions from the hospital, Mr. Bui returned to the vessel and performed light duty for the requisite time and, thereafter, returned to his normal duties. Mr. Bui's staples were removed on-board the vessel by the vessel's Captain, and Mr. Bui did not follow up with his primary physician.

On July 8, 2004, while the vessels were at anchorage in Texas, Mr. Bui was found lying unresponsive on the deck. Attempts to restore cardiac function were unsuccessful. Mr. Bui was transported by the United States Coast Guard to a Galveston, Texas hospital where he was pronounced dead on arrival.

Mr. Bui's cause of death was an acute cardiac event due to arteriosclerotic coronary artery disease. Mr. Bui's spouse commenced a wrongful death action against Plaintiffs under the Jones Act, 46 U.S.C. § 30104, in Texas to recover damages for herself, her daughter, and Mr. Bui's estate.

A Settlement Agreement was entered into on December 6,

2005, by the parties to the underlying action. On December 1, 2006, Plaintiffs issued a Notice of Intent to Initiate Litigation against Defendant pursuant to Fla. Stat. § 766.106. By letter dated March 1, 2007, Defendant denied Plaintiffs' claim. This action was filed on April 27, 2007, seeking contribution and/or indemnity from Defendant for all or a portion of the monies paid in settlement to Mr. Bui's estate.

Plaintiffs now move for summary judgment as to eleven of Defendant's affirmative defenses on the grounds that they have no basis in law. Defendant, in turn, moves for summary judgment on Plaintiffs' claims of indemnity and contribution.

II. <u>Summary Judgment Standard</u>

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder

evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. <u>Samples ex rel. Samples v. City of Atlanta</u>, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing <u>Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau</u>, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. <u>Morris v. Ross</u>, 663 F.2d 1032, 1034 (11th Cir. 1981).

III. <u>Analysis</u>

    A. Plaintiffs' Motion for Summary Judgment as to Defendant's Affirmative Defenses

Plaintiffs move for summary judgment as to the following affirmative defenses alleged in Defendant's Answer (Doc. # 12): failure to state a cause of action for indemnity under common law or general maritime law (Answer at ¶¶ 28 & 29); failure to state a cause of action for contribution (Answer at ¶ 30); claim barred by the statute of limitations (Answer at ¶ 31); Fabre defense (Answer at ¶¶ 32 & 34); estoppel (Answer at ¶ 37); wilful and wanton acts (Answer at ¶ 40); waiver (Answer at ¶ 38); doctrine of release (Answer at ¶ 39); and

5

failure to extinguish Defendant's liability (Answer at ¶ 41).

Having carefully considered the motion, the response and the reply thereto, the Court finds that, for the reasons set forth in the Plaintiffs' motion and reply, Plaintiffs have carried their burden for summary judgment as to the following affirmative defenses: failure to state a cause of action for indemnity under common law or general maritime law (Answer at ¶¶ 28 & 29); failure to state a cause of action for contribution (Answer at ¶ 30); claim barred by the statute of limitations (Answer at ¶ 31); and Fabre defense (Answer at ¶¶ 32 & 34). These affirmative defenses are due to be stricken. The Court also notes that Defendant has withdrawn the affirmative defense of failure to extinguish Defendant's liability (Answer at ¶ 41).

The Court further finds that there are genuine issues of material fact precluding summary judgment as to the remaining affirmative defenses; i.e., estoppel (Answer at ¶ 37); wilful and wanton acts (Answer at ¶ 40); waiver (Answer at ¶ 38); and doctrine of release (Answer at ¶ 39).

B. Defendant's Motion for Summary Judgment

The Court finds that there are genuine issues of material fact that preclude summary judgment in Defendant's favor as to Plaintiffs' claims of indemnity and contribution. Clearly,

6

Plaintiffs are entitled to assert claims for indemnity and contribution against Defendant. Whether the Plaintiffs are ultimately entitled to indemnity or contribution from Defendant is an issue for the trier of fact.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs' Motion for Partial Summary Judgment as to Certain of Defendant's Affirmative Defenses (Doc. # 44) is **GRANTED** as to the following affirmative defenses: failure to state a cause of action for indemnity under common law or general maritime law (Answer at ¶¶ 28 & 29); failure to state a cause of action for contribution (Answer at ¶ 30); claim barred by the statute of limitations (Answer at ¶ 31); Fabre defense (Answer at ¶¶ 32 & 34); and failure to extinguish Defendant's liability (Answer at ¶ 41). These affirmative defenses are hereby stricken. The motion is **DENIED** as to the affirmative defenses of estoppel (Answer at ¶ 37); wilful and wanton acts (Answer at ¶ 40); waiver (Answer at ¶ 38); and doctrine of release (Answer at ¶ 39).

(2) Defendant's Motion for Final Summary Judgment (Doc.

# 50) is **DENIED**.

(3) Plaintiffs' Request for Oral Argument on its Motion for Summary Judgment and Defendant's Cross Motion for Summary Judgment (Doc. # 75) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>16th</u> day of September, 2009.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record